## Dichiera v. Campea

*M. M. Edmundson*, for plaintiff.

*Harvey E. Schauffler, Jr.*, for defendant.

THOMPSON, J., December 12, 1947.—We have before us a rule granted on October 2, 1947, to show cause why the judgment in ejectment at the above number and term "should not be stricken off or opened and petitioner let into a defense".

An amicable ejectment was entered by confession on a written lease made by Lapsley Brothers to William Campea for the second floor of an apartment building known as 508½ Monongahela Avenue in the Borough of Glassport, Allegheny County. The judgment in ejectment, however, was entered against William Campea and Mrs. M. Campea. On November 16, 1946, the premises in question were conveyed to Frank A. Dichiera, the plaintiff.

Proceedings to obtain possession were begun by plaintiff and in the course thereof a certificate was granted by the Federal rent director, David R. Levin,

addressed to Peter Dichiera, c/o Dichiera Brothers, 508 Monongahela Avenue, Glassport, Pa., petitioner, and against William M. Campea, 508½ Monongahela Avenue, Glassport, Pa., second floor. "This certificate authorizes Peter Dichiera to pursue his remedies for the removal or eviction of the tenant named above from the above described accommodations in accordance with the requirements of the local law. . . . Conditions: The purpose for which eviction of the tenant is authorized is for occupancy by petitioner Peter Dichiera."

It will be observed that the Federal certificate authorized Peter Dichiera and not Frank A. Dichiera, the owner, to pursue the remedies appropriate for obtaining possession.

The Federal legislation regarding landlord and tenant was superseded by the Housing and Rent Act of June 30, 1947, 61 Stat. at L. 193, which we believe is now the applicable statute. Section 209(a) provides as follows:

"No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless . . .

"(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations; . . ."

The record in this case on its face indicates as we have above shown that the petition to the Federal rent authorities was made by Peter Dichiera, not plaintiff, Frank A. Dichiera, and authorizes Peter Dichiera to employ the appropriate remedies. Unless Peter Dichiera can be regarded under all the facts in this case

as the landlord and possession is sought for the accommodation of the landlord for his immediate and personal use and occupancy as housing accommodations, there is a failure of compliance with the Federal statute.

We do not know what may be the legal situation when all the facts surrounding this tenancy and the relation of the landlord thereto are brought out and, therefore, we do not deem it proper to strike off the judgment in ejectment, but are of the opinion that the judgment should be opened and petitioner let into a defense, and it will be so ordered.